| iBROWN, Judge,
concurring.
I concur in the result reached by the majority opinion but disagree with its holding that the March 1992 statement by the victim was inadmissible.
Considering the victim’s age, trial delay and the content of the statement, I agree with the trial court’s assessment that the *1375 victim’s March 1992 statement was substantially consistent with her trial testimony. The criminal conduct occurred in July or August of 1988, when the victim was eight years old. The victim first talked to a law enforcement officer on March 10, 1992. Her statement on this date to Deputy Covington was, with one exception, the same as her trial testimony in 1994. The delay of approximately six years between the incident in 1988 and the trial was occasioned by the withdrawal of defendant’s 1993 guilty plea.
I further believe that the trial court correctly found that the March 1992 statement was not hearsay under LSA-C.E. art. 801D(1)(d) as an “initial complaint of sexual assaultive behavior.”
I do agree with the majority opinion that, if error, it was harmless beyond a reasonable doubt. The verdict clearly demonstrates that the jury excised that portion of the child’s earlier statement that was inconsistent with her trial testimony.